UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ORTIZ VASQUEZ,<br><br>        Petitioner,<br><br>   v.<br><br>J. HARTLEY, WARDEN,<br><br>        Respondent. | 1:11-cv—01625-SKO-HC<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR APPOINTMENT OF COUNSEL<br>(Doc. 1) |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 12, 2011 (doc. 5). Pending before the Court is Petitioner's request for the appointment of counsel, which was filed on September 26, 2011. (Pet. 21.)

    There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g. Anderson v. Heinze, 258

1

1  F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958);
2  Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469
3  U.S 823 (1984).  However, 18 U.S.C. § 3006A authorizes the
4  appointment of counsel at any stage of the case "if the interests
5  of justice so require."  See Rule 8(c), Rules Governing Section
6  2254 Cases.

7      In the present case, the Court does not find that the
8  interests of justice would be served by the appointment of
9  counsel at the present time.

10      Accordingly, Petitioner's request for appointment of counsel is denied without prejudice to a renewal of the motion at a later
11  stage of the proceedings. IT IS SO ORDERED.

12  **Dated:   October 18, 2011**          /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE