UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCOS ORTIZ VASQUEZ, | ) | 1:11-cv—01625-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION |
| | ) | WITHOUT LEAVE TO AMEND FOR |
| | ) | FAILURE TO ALLEGE FACTS ENTITLING |
| v. | ) | PETITIONER TO RELIEF (DOC. 1) |
| | ) | |
| J. HARTLEY, WARDEN, | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY AND |
| Respondent. | ) | DIRECTING THE CLERK TO CLOSE THE |
| | ) | CASE |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 12, 2011 (doc. 5). Pending before the Court is the petition, which was filed on September 26, 2011.

   I.   Screening the Petition

   Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

Here, Petitioner alleges that he is an inmate of the Avenal State Prison serving a sentence of life plus four years imposed by the Los Angeles County Superior Court in 1995 for mayhem with a deadly weapon and with terrorist threats. Petitioner alleges that he was denied the effective assistance of counsel in connection with a parole eligibility hearing held in 2010 before California's Board of Parole Hearings. Petitioner argues that counsel was ineffective in securing from Petitioner a three-year waiver or deferral of further proceedings and in not having Petitioner attend the hearing. Petitioner challenges as unreasonable applications of federal law the decisions of the California state courts upholding the three-year waiver or deferral of proceedings. Petitioner also alleges that he was entitled to counsel under the Americans with Disabilities Act (ADA).

## II. Failure to Allege Facts Entitling Petitioner to Habeas Relief

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13,

3

16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state-court decision. Cullen v. Pinholster, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. Lockyer v. Andrade, 538 U.S. 71-72.

To be clearly established federal law, a Supreme Court case must squarely address an issue, its cases must provide a categorical or clear answer to the question, or its cases must clearly extend to the factual context in question. Wright v. Van Patten, 552 U.S. 120, 124-26 (2008); Carey v. Musladin, 549 U.S. 70, 76-77 (2006); Moses v. Payne, 555 F.3d 742, 752, 754 (9th Cir. 2009). If a principle must be modified in order to be applied to a case, it is not clearly established federal law for the purpose of that case. Id.

4

In <u>Moses</u>, the court noted that a state court must apply legal principles established by a Supreme Court decision when a case falls squarely within those principles, but not in cases where there is a structural difference between the prior precedent and the case at issue, or when the prior precedent requires tailoring or modification to apply to the new situation. <u>Moses</u>, 555 F.3d at 753. The court concluded that the Supreme Court cases concerning clearly established federal law emphasize that § 2254(d)(1) "tightly circumscribes" the granting of habeas relief. <u>Id.</u> at 753-54.

With respect to whether Petitioner alleged facts showing that he suffered the denial of his right to the effective assistance of counsel under the principles of due process of law embodied in the Fifth and Fourteenth Amendments and under the Sixth Amendment right to counsel, it must first be determined if clearly established federal law, within the meaning of § 2254(d)(1), provides for a right to counsel in a parole eligibility proceeding such as that which occurred in the case before the Court.

In <u>Morrissey v. Brewer</u>, 408 U.S. 471, 481-489 (1972), the court held that because the loss of the conditional liberty of parole is a serious deprivation, a parolee is entitled to two revocation hearings: one at the point of detention to determine probable cause, and another more comprehensive hearing before the final decision concerning revocation of parole. The parolee is entitled to notice of the claimed violations and of the hearings; disclosure of the evidence against him; an opportunity to appear and speak in his own behalf and to provide evidence, subject to

the hearing officer's discretion with respect to cross-examination of witnesses; a neutral and detached decision-maker; and a written statement by the fact finders regarding the evidence relied on the reasons for revocation.

Thereafter, the Supreme Court held that in some cases, but not all, fundamental fairness may require that counsel be provided to a probationer or parolee in probation or parole revocation hearings. Gagnon v. Scarpelli, 411 U.S. 788, 789-90 (1973).[1] The Court relied on the non-adversarial, informal nature of the process; the character of the tribunal as a relatively informal decision-making body with administrative expertise; and the likelihood of significant alteration of the proceedings if counsel were present. Id. at 787-89.

In Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 9-10, 15-16 (1979), the Court concluded that the due process safeguards required for parole revocation hearings are greater than those required for parole suitability hearings, at which inmates are entitled only to an opportunity to be heard and a statement of reasons for the decision to deny parole.

///

---

[1] The Court in Gagnon noted that the effectiveness of the rights guaranteed in Morrissey might in some circumstances depend on the use of skills which an uneducated or unskilled probationer or parolee is unlikely to possess, such as the ability to present his version of a disputed set of facts where the presentation requires the examining or cross-examining of witnesses or the offering or dissecting of complex documentary evidence. Id. at 786-87. Although the Court endorsed case-by-case consideration in the discretion of the state authority, it noted that counsel would presumptively be appropriate where the parolee timely requests counsel, is incapable of speaking effectively for himself, and contests the violation or demonstrates substantial reasons that justify or mitigate the violation that are complex or otherwise difficult to develop or present. Id. at 790-91.

6

In <u>Dorado v. Kerr</u>, 454 F.2d 892, 896-97 (9th Cir. 1972), decided just before <u>Morrissey</u> and <u>Gagnon</u>, the court held that due process does not entitle California state prisoners at parole eligibility proceedings to the assistance of counsel.  District courts in the circuit have subsequently held that <u>Dorado</u> accurately reflected the underlying concerns and objectives expressed by the Supreme Court in <u>Morrissey</u> and <u>Gagnon</u>, and the courts have concluded that there is no clearly established right to counsel at parole suitability hearings.  See, <u>Tillman v. Powers</u>, No. 1:09-cv-00492-AWI-MJS-HC, 2010 WL 2640465, *3 (E.D.Cal. June 30, 2010) (citing <u>Burgener v. California Adult Authority</u>, 407 F.Supp. 555, 559 (N.D.Cal. 1976) and other cases from the Northern District).  Pursuant to the persuasive analysis set forth in these cases, it is concluded that there is no clearly established right to counsel at parole suitability hearings.

Petitioner alleges that he has a second grade education and is attending classes involving English as a second language. (Pet. 12.)  Exhibits to the petition include the Los Angeles Superior Court's decision of November 29, 2010, denying Petitioner's state habeas petition.  (Pet. 24-25.)  The record reflected that the victim of Petitioner's mayhem as well as a security guard who witnessed the crime indicated that Petitioner cut the resisting victim's face numerous times with a broken bottle after accusing her of having been with another man.  (<u>Id.</u> at 24.)  Further, it was noted that Petitioner had a "delusional, dishonest, and irrational version of the life crime that the victim mutilated her own face, or that she fell against the

7

bottle without him pushing her...." (Id. at 25.)  The documents submitted by Petitioner thus do not reflect a complex factual situation that required the participation of an advocate on Petitioner's behalf.  Petitioner asserts that his counsel's decisions regarding deferrals of further parole proceedings were unreasonable based on factors of suitability.  He has, however, failed to allege facts that demonstrate he was entitled to the assistance of counsel in connection with parole suitability proceedings.

Likewise, it does not appear that there is any clearly established, constitutionally based entitlement to an "ADA" attorney.

Accordingly, the Court concludes that Petitioner has failed to state facts that point to a real possibility of constitutional error, and the petition must be dismissed.

Because Petitioner's failure to state a claim that would entitle him to relief is due to the nature of the claim and not to any defect of factual allegations, it does not appear that Petitioner could state a tenable claim for habeas relief based on the ineffective assistance of counsel at his parole suitability proceeding.

Therefore, the petition will be dismissed without leave to amend.

III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state

court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

   In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  <u>Id.</u>  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

   A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

   Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a

different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1)  The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2)  The Court DECLINES to issue a certificate of appealability; and

3)  The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

**Dated:   October 18, 2011**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE